**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2418**

POLY-MED INC,

Plaintiff - Appellant,

v.

NOVUS SCIENTIFIC PTE LTD; NOVUS SCIENTIFIC INC; NOVUS
SCIENTIFIC AB,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at
Anderson.  J. Michelle Childs, District Judge.  (8:15-cv-01964-JMC)

Submitted: July 18, 2019                                      Decided: July 22, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Stephen L. Brown, Russell G. Hines, YOUNG CLEMENT RIVERS, LLP, Charleston,
South Carolina; Paul Peter Nicolai, Marwan S. Zubi, NICOLAI LAW GROUP, P.C.,
Springfield, Massachusetts, for Appellant.  Mark C. Dukes, Jennifer L. Mallory, A.
Mattison Bogan, Robert H. McWilliams, Jr., NELSON MULLINS RILEY &
SCARBOROUGH, LLP, Columbia, South Carolina, for Appellees

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Poly-Med, Inc. ("PMI") seeks to appeal the district court's orders granting summary judgment to Appellees in PMI's breach of contract litigation. The district court's summary judgment orders addressed some, but not all, of PMI's claims and Appellees' counterclaims. The parties entered into a stipulation of dismissal and tolling agreement whereby they agreed that the district court would dismiss without prejudice any claim or counterclaim not addressed by a prior order. After the district court entered an order effectuating the parties' stipulation of dismissal, PMI noted this appeal.

We may exercise jurisdiction only over final orders, 28 U.S.C. 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because the Rule 41(a)(2) dismissal without prejudice of the remaining claims and counterclaims created a nonfinal split judgment, the summary judgment orders PMI seeks to challenge are neither final nor appealable interlocutory or collateral orders. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013) (discussing use of voluntary dismissal to manufacture jurisdiction over otherwise interlocutory orders). Accordingly, we dismiss the appeal for lack of jurisdiction and remand for further proceedings. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. 807 F.3d at 630. Here, however, the district court already has afforded the parties the opportunity to address the remaining claims and counterclaims. Accordingly, we direct on remand that the district court, in its

2

discretion, either afford the parties an opportunity to resolve the outstanding claims and counterclaims or dismiss them with prejudice, thereby rendering the dismissal order a final, appealable order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*